UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY R. GREEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-2263-B |
| | § | |
| CERTIFIED PAYMENT | § | |
| PROCESSING, L.P., and FIRST | § | |
| AMERICAN PAYMENT SYSTEMS, | § | |
| L.P., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment (doc. 17). The Court finds the Motion should be and hereby is **GRANTED** (doc. 17) for the reasons stated below.

## I.

## BACKGROUND[1]

This action arises out of Plaintiff Bobby R. Green's ("Green") termination by Defendants after failing a drug test. Defendants, Certified Payment Processing, L.P. and First American Payment Systems, L.P. (the "Defendants") provide a wide range of customer support functions to numerous businesses throughout the United States. (Pl.'s Original Compl. And Jury Demand ¶ 2.) The company enforces a drug testing policy under which employees are randomly selected for drug testing. (*Id.* at ¶ 4.) In 2008 Defendants dispensed with a urine testing method of screening for

---

[1] The Court takes its factual account from Plaintiff's Original Complaint and Jury Demand (doc. 1). Any disputed facts are identified as the allegations of a particular party.

- 1 -

drugs and switched to a "swab by mouth" testing procedure. (*Id.* at ¶ 5.)

Defendants employed Green as a team coordinator for approximately two and a half years. (*Id.* at ¶ 3.) During this tenure, Green was subjected to multiple drug tests. (*Id.* at ¶ 4.) On June 26, 2008, Green was notified he would be randomly drug tested. (*Id.* at ¶ 6.) Green alleges approximately ten minutes after completing his on-site drug test, he was informed an additional test was necessary because an alleged error had occurred. (*Id.*) Following the completion of the testing, Green was informed he had tested positive for amphetamines and would be terminated immediately. (*Id.* at ¶ 7.) Green denied having used any illegal drugs and requested additional testing be performed. (*Id.*) Defendants denied this request. (*Id.*)

Green made numerous unsuccessful attempts to contact Defendants following his termination. (*Id.* at ¶ 8.) Green alleges he subsequently underwent both urine and hair follicle drug testing at his own expense, the results of which showed Green had no illegal drugs in his system at the time of the drug testing performed by Defendants. (*Id.* at ¶ 9.) Despite the fact Green informed Defendants of these subsequent test results, Defendants refused to reconsider the decision to terminate Green. (*Id.* at ¶ 9.)

Green alleges the rationale offered for his termination is merely pretext to race and gender discrimination. (*Id.* at ¶¶ 10-12.) Green, an African-American, alleges Defendants tolerated a workplace environment in which racially derogatory comments were made. (*Id.* at ¶ 11.) Green further alleges personnel of different races and gender were not subject to the same drug testing procedures. (*Id.*)

On December 23, 2008, Green filed the instant suit alleging he was terminated based on his race and sex in violation of Title VII of the Civil Rights Act of 1964. (*Id.* at ¶ 26.) Green seeks an

award of damages for mental anguish (past and future), lost wages and income benefits, lost of wage earning capacity in the future, loss of and damage to his reputation, and reasonable and necessary attorneys' fees and costs. (*Id*. at ¶¶ 28-30.)

On December 4, 2009, Defendants' filed the instant Motion for Summary Judgment (doc. 17). Having considered the parties' briefing and the relevant law, the Court now turns to the merits of its decision.

## II.

## LEGAL STANDARD

### A. Summary Judgment

The purpose of summary judgment is "to enable a party who believes there is no genuine dispute as to a separate fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Accordingly, Federal Rule of Civil Procedure 56(c) provides summary judgment is appropriate "when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The summary judgment movant bears the burden to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs*, 919 F.2d 301, 303 (5th Cir. 1990). However, if the non-movant ultimately bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Rather, the summary judgment movant may satisfy its burden by pointing to the

mere absence of evidence supporting the non-movant's case. *Id.*

Once the summary judgment movant has met this burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). Factual controversies regarding the existence of a genuine issue for trial must be resolved in favor of the non-movant. *Little*, 37 F.3d at 1075. However, in making such a showing, the non-movant must produce more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1075.

**B. Title VII of the Civil Rights Act of 1964**

Title VII provides it is unlawful for an employer

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a). The plaintiff in a Title VII action carries the initial burden of establishing a *prima facie* case of racial discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To establish a *prima facie* case, a plaintiff must show "(1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class, under nearly

identical circumstances.² *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009); *see McDonnell Douglas*, 411 U.S. at 802.

Once the plaintiff has established a *prima facie* case of discrimination, the burden shifts to the employer to produce a legitimate nondiscriminatory reason for the adverse employment decision. *Lee*, 574 F.3d at 259. Upon such a showing, the burden shifts back to the plaintiff to "demonstrate that the employer's explanation is merely a pretext for racial bias." *Id.*

## III.

## ANALYSIS³

Defendants contend their random drug testing program is applied to all employees in the same manner - every employee who tests positive is summarily terminated. (Defs.' Br. In Supp. Of Mot. For Summ. J. 9.) In light of this fact, Defendants contend Green has failed to provide any evidence that another employee was treated more favorably under nearly identical drug testing circumstances. (*Id.*) Thus, Green cannot establish a *prima facie* case a matter of law. (*Id.*) However, even if Green could establish a *prima facie* case, Defendants argue they possess a legitimate business reason to require and expect their employees to work drug-free. (*Id.* at 10-11.) Defendants note Green cannot establish this reason to be pretextual based only on his own speculation,

---

² Showing disparate treatment of similarly situated individuals is *one way* to prove employment discrimination. *Bryant v. Compass Group USA*, 413 F.3d 471, 479 (5th Cir. 2005)(emphasis added). A plaintiff is *not required* to rely upon the disparate treatment method to prove discrimination. *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 468 (2d Cir. 2001). Here, it appears that disparate treatment is Green's chosen method of proof, based on his pleadings and summary judgment briefing.

³Defendants have filed their Objections to Plaintiff's Summary Judgment Proof (doc. 25). However, the Court finds the evidence, as proffered, fails to benefit Green's Response to Defendants' Motion for Summary Judgment. Accordingly, the Court finds Defendants' Objections should be and hereby are **DENIED as moot** (doc. 25).

subjective opinion, and/or inadmissible allegations. (*Id.* at 12-13.) Accordingly, Defendants argue they are entitled to summary judgment as a matter of law. (*Id.*)

Green argues he can establish a *prima facie* case noting he was treated less favorably than those outside the protected class because a similarly situated white male employee testing positive for drugs was allowed an opportunity to consult with a doctor prior to any termination decision being made. (Pl.'s Br. In Supp. Of Resp. To Defs.' Mot. For Summ. J. 11-12.) Additionally, Green contends Defendants' proffered justification for his termination is mere pretext. (*Id.* at 13.) To support this contention, Green notes he was refused an opportunity to undergo a more accurate urine test and that 300 of Defendants' outside sales representative employees are exempt from the no-tolerance drug testing policy. (*Id.*) As such, Green contends Defendants are not entitled to summary judgment as a matter of law. (*Id.*)

To establish a prima facie case of discrimination under Title VII, a plaintiff must show he is a member of a protected class, he was qualified for the position at issue, he was the subject of an adverse employment action, and he was treated less favorably than those not in the protected class under nearly identical circumstances. *See Lee*, 574 F.3d at 259. Green has failed to present sufficient evidence to show he was treated less favorably than other similarly situated employees. In attempting to provide evidence on this point, Green notes a white employee named "Whitney" was allowed to call a testing company lab doctor prior to being terminated for failing a drug test. (*See* Pl.'s App., Ex. A at 55.) However, such a vague reference fails to constitute sufficient evidence on this point. Further, the allowance made for "Whitney" was made under a prior testing procedure

previously employed by Defendants.[4] (*Id.*)  Thus, it cannot be said "Whitney" and Green's situation involved nearly identical circumstances.  Accordingly, the Court finds Green has failed to establish a *prima facie* case of discrimination as a matter of law.

Assuming *arguendo*, however, Green was able to establish such a *prima facie* case, the Court finds his claim would still fail as a matter of law.  Defendants have provided a legitimate business reason supporting their drug testing policy.[5]  Green offers vague speculation as to the racially discriminatory pretext behind this policy including questioning Defendants' motives in utilizing the less accurate swab-by-mouth drug test and not applying the drug testing policy to the geographically diverse outside sales representatives group.  However, such speculation is insufficient to show pretext.  *See Nichols v. Lewis Grocer*, 138 F.3d 563, 566 (5th Cir. 1998) ("[T]he evidence offered to counter the employers proffered reasons must be *substantial*.").  While Green may not agree with the ways in which Defendants have implemented the drug testing policy, he has failed to provide any evidence showing such methods are pretextual.  Accordingly, Defendants are entitled to judgment as a matter of law.

---

[4] The Court notes Green additionally admitted "Whitney's" employment with Defendants ended after the incident.  (*See* Pl.'s App., Ex. A at 55.)

[5] Green has lodged an objection as to Defendants' argument on this point claiming it is supported through the testimony of an interested witness.  (Pl.'s Br. In Supp. Of Resp. To Defs.' Mot. For Summ. J. 9-10 (citing *Reeves v. Sanderson*, 530 U.S. 133 (2000)).)  However, the Court notes all facts established by this questioned testimony are equally established through the tesitmony of other witnesses.  (*See* Defs.' Reply Br. In Supp. Of Mot. For Summ. J. 7-8.)  Accordingly, the Court finds this objection should be **DENIED as moot.**

## IV.

## CONCLUSION

Greens claims against Defendants must fail as a matter of law. Therefore, in accordance with the final judgment entered contemporaneously with this Order, the Court finds Defendants' Motion for Summary Judgment should be and hereby is **GRANTED** (doc. 17).

**SO ORDERED.**

**DATED March 4, 2010**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE